# In re Incorporation of Municipal Water Ownership League

Arthur H. James, for petitioners; W. L. Pace and Paul Schmidt, contra.

VALENTINE, J., April 4, 1931.—On February 3, 1931, an application for a charter of a proposed corporation to be called the "Municipal Water Owner-

ship League of Wyoming Valley" was duly filed in the office of the prothonotary. The application set forth the purpose of the proposed corporation as follows:

"The purpose is to encourage municipal ownership of waterworks and to assist municipalities of Wyoming Valley and adjacent territory in acquiring water plants."

Proof of publication of the notice of the application having been presented, together with the application for registry of the name of the proposed corporation in the office of the Secretary of the Commonwealth on January 30, 1931, the court on February 9, 1931, signed a decree approving the charter and directing that upon its recording in the office of the Recorder of Deeds in and for Luzerne County the subscribers and their associates should constitute a corporation.

On February 18, 1931, upon consideration of a petition then presented, the court of its own motion granted a rule to show cause why the order approving the charter should not be revoked.

A careful consideration of the question leads us to the conclusion that the purposes and objects of the said proposed corporation, as set forth in the application, do not come within the objects and purposes for which a charter of a corporation of the first class may be legally granted under the provisions of the Act of April 29, 1874, P. L. 73, and its supplements.

It is conceded by counsel for the proposed corporation that the purpose set forth in the application does not fall within any of those designated by the Act of 1874, but an effort has been made to sustain the incorporation under the provisions of clause xv of section two of the amending Act of April 28, 1927, P. L. 483, which designates that a corporation of the first class may be formed "for the formation and maintenance of associations of taxpayers for the encouragement and promotion of good government in any county, city, borough, or township."

We do not think that the purpose set forth in the application falls within the purview of this provision. The language of the section indicates that the legislature intended to authorize the formation and maintenance of associations of taxpayers for the encouragement and promotion of good government in any county, city, borough or township.

The application for the charter contains nothing to give the court jurisdiction under this section. The incorporators do not describe themselves as "taxpayers," nor do they set forth the desire to form an "association" thereof. The section seems to contemplate the organization and incorporation of bodies of taxpayers for the purpose of exercising direction and restraint over the action of public officials and does not authorize or contemplate the formation of a corporation "to encourage municipal ownership of waterworks" or "to assist municipalities in acquiring water plants." The result sought to be accomplished by the applicants for the charter may be urged by an unincorporated association as effectively as by a corporation.

The object and purposes of a proposed corporation must be such as the statute authorizes, and a corporation cannot be formed for any purpose which is not fairly within the terms of the statute: 14 C. J. 122, § 118; Harmony Building and Loan Association, 6 Phila. 63. As the charter in question was not authorized by any act of assembly, it is void: National Endowment Company, 142 Pa. 450.

Rule to show cause why the order approving said charter should not be revoked is made absolute.

From Frank P. Slattery, Wilkes-Barre, Pa.